## INTEREST ON PUBLIC DEPOSITS.

Circuit Court of Licking County.

THE CITY OF NEWARK v. PEOPLES NATIONAL BANK.

Decided, October Term, 1912.

*Depositaries of Public Funds—Interest Recoverable on Deposits—Made .by a Municipal Treasurer—With Knowledge on the Part of the Bank as to their Trust Character.*

1. An action brought by a municipality against a bank for recovery of interest received by said bank on funds belonging to the municipality and alleged to have been deposited without its knowledge or knowledge on the part of the bondsmen of the treasurer who made the deposit, but with knowledge on the part of the bank as to the ownership and trust character of said funds, is not open to demurrer, and an accounting of profits so received may be required of said bank.

2. But a petition which omits, in such a case, the averment of knowledge on the part of the bank of the true ownership of the funds so deposited, is open to demurrer.

*Jones & Jones,* for the city of Newark.

*Fulton & Fulton,* for Peoples National Bank.

*Kibler & Kibler,* for Franklin National Bank.

*Carl Norpell,* for Newark Trust Co. and First National Bank.

*Fitzgibbon & Montgomery,* for Licking County Bank & Trust Co.

Powell, J.; Voorhees, P. J., and Shields, J., concur.

This cause, with causes No. 1302 to No. 1306, inclusive, was submitted to the court upon the agreement that all of said cases should be heard as one case, involving the same question, and that the holding in one should govern the decisions of all the others.

The petition was filed by the city solicitor of the city of Newark to recover from the Peoples Bank interest, or any profits such bank may have received upon a deposit alleged to have been made in said bank by the city treasurer of said city, without the knowledge and consent of the city, and without the knowledge and consent of the bondsmen of such treasurer, and with the knowledge on the part of the bank that the funds were the funds of the city, and not the individual funds of the treasurer, which were mingled with the funds of the bank and loaned out at interest; which deposit was made in said bank on the 19th day of June, 1905. The amount of such deposit was sixty thousand dollars. Plaintiff prays judgment in the sum of eighteen hundred dollars, with interest from the 19th day of June, 1905; or if the amount of interest actually received by such bank upon said deposit can not be ascertained, it further prays that the defendant be required to account to said plaintiff for all interest, profits and money received from the moneys received and deposited with defendant as alleged; and for any other relief which would be just and equitable.

A demurrer was filed to this petition. It was sustained by the court below, and judgment was rendered, dismissing the petition, and the case is brought to this court for review.

Upon an examination of the authorities, we are of the opinion that the moneys described in the petition are trust moneys; that the treasurer of the city was simply their custodian, and had no title, other than as such custodian; that, as such custodian, he

deposited the same with the defendant, with the knowledge on the part of the defendant that the same were public moneys of the city.

We think it is the law, in cases of this kind, that no title other than the title as trustee passes to the defendant; that as such trustee, it would be liable to return the principal sum and any profits which might accrue to such principal sum while it remained in the hands of the defendant; and that because of the defendant having knowledge that such funds were trust funds, no title would accrue to it to such moneys other than as trustee.

We are, therefore, of the opinion that the court erred in sustaining this demurrer. We think the petition states a good cause of action as far as requiring or asking that an accounting be made by the defendant for any profits arising from said fund while the sum was in its custody.

The judgment of the court of common pleas will be reversed, and the cause will be remanded for trial or other proceedings according to law.

Exceptions may be noted.

The case of the city of Newark, Ohio, v. the Franklin Bank Co., being No. 1302, is different from the other cases which were heard at the same time with No. 1301, in this particular: the petition does not allege that the funds deposited with the bank were so deposited with the knowledge on the part of the bank that they were trust funds or the moneys of the city, and deposited by the treasurer as their custodian.

We think, for this reason, one of the essential elements in stating a cause of action against the defendant is not alleged, and that the petition does not, therefore, state a good cause of action against the said defendant.

The demurrer to the petition in No. 1302 was properly sustained, and the judgment of the court of common pleas in the case will be affirmed.

The same order may be entered in Numbers 1303, 1304, 1305 and 1306 as is ordered to be made in No. 1301. The judgment in each of these cases will be reversed, and they will be remanded to the court of common pleas for trial or other proceedings according to law. Exceptions may be noted.